ANASTASIA TAYLOR, PLAINTIFF-RESPONDENT, v. LEHIGH VALLEY RAILROAD COMPANY OF NEW JERSEY, DEFENDANT-APPELLANT.

ALEXANDER STAMLER, PLAINTIFF-RESPONDENT, v. LEHIGH VALLEY RAILROAD COMPANY OF NEW JERSEY, DEFENDANT-APPELLANT.

Argued March 12, 1915—Decided June 14, 1915.

1. An automobile stalled on a railroad track at a public crossing, caused by the bad condition of the crossing, the duty of the driver of the automobile and the approaching train, in the exercise of reasonable care, is to use every reasonable precaution to guard against coming in contact. It was the duty of the engineer, if he saw there was possible danger of collision, to exercise reasonable care and diligence to avoid it by stopping his engine.
2. In this case the defendant's negligence and the plaintiff's contributory negligence are questions of fact for the jury.

---

On appeal from Union Circuit Court.

For the plaintiffs-appellees, *Clark McK. Whittemore*.

For the defendant-appellant, *Adrian Lyon*.

The opinion of the court was delivered by

BLACK, J.   Two suits were brought to recover damages for personal injuries. The case in which Anastasia Taylor

is plaintiff was tried in the Union Circuit Court with a jury, resulting in a verdict for the plaintiff. The case in which Alexander Stamler is plaintiff was, by consent of counsel, tried by Hon. William H. Speer, judge of the Union Circuit Court, without a jury, on the evidence in the Taylor case, with respect to the accident, and separate evidence, with respect to the damages, resulting in a judgment for the plaintiff.

The grounds of appeal are the same in both cases, viz., that the court refused at the conclusion of the plaintiffs' case to grant a nonsuit—*first,* because no negligence had been shown on the part of the defendant, and *second,* because the plaintiffs were guilty of contributory negligence. The judgments in these cases might well be affirmed without any extended discussion. The points brought under review are essentially questions of fact. The underlying principles of law, applicable to the rights of these parties, have been so often stated and affirmed by this court, that it would serve no useful purpose either to collect and cite the cases or restate the principles at length. The facts, in brief, out of which the accident in these cases grew, are as follows: The automobile in which the plaintiffs were riding, on the 26th day of November, 1913, became stalled on Goodman's crossing of the Terrel's road, over the tracks of the defendant company, in Fanwood township, Union county, New Jersey. The crossing was in bad order, needing repair. The roadway between the rails had been allowed to become depressed, so that the rails extended from three and one-half to four inches above the bottom of the ruts or depressions between the rails; that notice had been given previously to the section foreman employed by the defendant, in charge of the repair of its roadbed in that locality; an eastbound passenger train of the defendant company collided with the stalled automobile containing the plaintiffs, causing the injuries.

At that point, the track was straight and practically level for a mile or two to the west of said crossing, being the direction from which the train was coming. The engineer of the locomotive drawing the train could have seen and dis-

tinguished the plaintiff's automobile stalled, on the crossing, in time and at such a distance to have stopped the train before colliding with the automobile. At the time the automobile was driven on the tracks at the crossing, the plaintiff Alexander Stamler testified that the defendant's train was not in view or hearing of the plaintiffs. They had no warning by bell or whistle or crossing signal of the approach of the train, having looked and listened for such signals before crossing. They would have crossed in safety, if they had not been stopped by the engine of the automobile becoming stalled, caused by the bad condition of the crossing. When the automobile became stalled, Alexander Stamler, the driver of the automobile, endeavored to start it by means of its mechanism, a self-starter, which failed to operate. He then told his companion, the other plaintiff, Miss Taylor, occupying the left front seat with him, to get out of the car. She stood up to get out and then fainted, fell over on the driver of the automobile, who with the burden of her weight upon him, being behind the steering gear and controlling levers, could not get out of the automobile. The collision with the engine of the defendant company then occurred in a short space of time, causing the injuries for which these suits were brought.

The statute provides (*Comp. Stat., p.* 4231, § 26; *Pamph. L.* 1903, *p.* 659, § 26) that it shall be the duty of every railroad company to construct and keep in repair good and sufficient bridges and passages over and across the railroad or right of way where any public or other road shall cross the same, so that the public travel on the said road shall not be impeded thereby. A railroad company is charged with a duty to use reasonable care to keep the crossing over its tracks in proper repair. *Piver* v. *Pennsylvania Railroad Co.,* 76 *N. J. L.* 713; *Samkiwicz* v. *Atlantic City Railroad Co.,* 82 *Id.* 478. So, it was the duty of the engineer to make reasonable and proper efforts, in view of the circumstances, to foresee and avoid collision, including the duty, if he saw that there was possible danger of collision, to exercise reasonable care and diligence to avoid it,

by stopping his engine. Every reasonable precaution should be used by both the driver of the engine and the driver of the automobile to guard against coming in contact. *Rafferty v. Erie Railroad Co.*, 66 *Id.* 444; *Runyon v. Central Railroad Co.*, 25 *Id.* 556.

The question, then, of the defendant's negligence was one of fact for the jury. But it is argued, the plaintiffs were guilty of contributory negligence. Stamler, because he tried to operate the self-starter on the automobile, so as to get his car going, and Miss Taylor, because she did not attempt to get out of the car as soon as it became stalled. Surely, it must be evident that when Stamler found his car stalled on the track of the railroad, he owed some duty to the passengers in the train to try and remove the car from the railroad track, lest it might wreck the train and cause injury to the passengers. What more then could he do than try to start the machine by its own mechanism, and under the situation, as then presented to the plaintiffs, it was open to the jury to say whether they exercised reasonable care for their safety. The findings of fact by the trial judge in the Stamler case stand upon the same footing as the verdict of the jury in the Taylor case. There being no error in the record, the judgment in each case is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, VREDENBURGH, WHITE, HEPPENHEIMER, JJ. 13.

*For reversal*—None.