### DAVIS, Director General of Railroads, v. LEWIS.

(Circuit Court of Appeals, Third Circuit. April 5, 1923.)

No. 2918.

1. **Pleading ⬥⟶406(7)—Uncertainty in complaint waived by general answer.**
Where a complaint alleged negligence of a railroad company in failing to maintain a safe crossing over a street, and defendant's tracks crossed the street at two different places, by answering generally and going to trial without asking a more specific allegation, defendant waived any right to claim a variance because plaintiff's evidence related to one crossing, while the complaint, as defendant understood it, referred to the other.

2. **Railroads ⬥⟶303(1)—New Jersey statute applicable to spur track crossing.**
Under 3 Comp. St. N. J. 1910, p. 4231, § 26, requiring every railroad company "to construct and keep in repair good and sufficient * * * passages * * * across the railroad * * * where any public or other road, street or avenue * * * shall cross the same," the crossing of a spur track leading to a manufacturing plant, but operated by a railroad company, as a part of its system, over a public street, is within the purview of the statute.

3. **Railroads ⬥⟶303(1)—New Jersey law requires safe crossings and reasonable care to keep them in repair.**
Under the law of New Jersey a railroad company is under an absolute duty to construct a safe crossing, where its tracks cross a public highway, and is required to exercise reasonable care to keep it in repair.

⬥⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In error to the District Court of the United States for the District of New Jersey; Charles F. Lynch, Judge.

Action at law by Sadie J. Lewis, administratrix of the estate of Charles E. Lewis, deceased, against James C. Davis, as government Agent. Judgment for plaintiff, and defendant brings error. Affirmed.

Edward A. Markley, of Jersey City, N. J., and Collins & Corbin, of Newark, N. J., for plaintiff in error.

Wall, Haight, Carey & Hartpence and Samuel Greenstone, all of Jersey City, N. J. (Thomas G. Haight, of Jersey City, N. J., of counsel), for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. Charles E. Lewis was driving a heavy truck along Johnson Avenue in Jersey City. On crossing the tracks of the Lehigh Valley Railroad Company he was thrown to the ground and killed. Sadie J. Lewis, his administratrix, brought this action against Walker D. Hines, Director General of Railroads, operating the Lehigh Valley system, to recover under the Death Act of New Jersey (2 N. J. Comp. St. p. 1907, pl. 7) the pecuniary loss which she, as widow, and those who were next of kin of the decedent, had sustained by reason of his death. In her complaint she charged that her husband's death was caused by the neglect of the defendant properly to construct and keep in repair a good and sufficient passageway across the railroad at the place of the accident. The plaintiff had a verdict. The case is here on the defendant's writ of error.

Continuing to speak of the parties as they stood in the court below, the defendant, at the hearing on the writ, moved to dismiss for lack of jurisdiction. He based the motion on the fact that more than twelve months had elapsed in the interval between the resignation of Walker D. Hines, Director General of Railroads, party defendant, and the substitution of his successor, James C. Davis, Director General of Railroads, as agent, under the Transportation Act of 1920 (41 Stat. 456). Act of February 8, 1899, 30 Stat. 822 (Comp. St. § 1594); Le Crone v. McAdoo, 253 U. S. 217, 219, 40 Sup. Ct. 510, 64 L. Ed. 869; John Barton Payne, Agent, v. Industrial Board of Illinois, 42 Sup. Ct. 462, 66 L. Ed. 790.

While the motion was pending, the very serious question it raised was set at rest by the Act of March 3, 1923, amending section 206 of the Transportation Act of 1920, which provides that a suit, properly commenced, shall not abate by reason of the resignation of the Director General of Railroads, the defendant, but may, despite the provisions of the Act of February 8, 1899, with reference to the abatement of actions, be prosecuted on the substitution of the agent, then in office, at any time before satisfaction of the final judgment. Accordingly, the motion to dismiss is denied.

On this writ of error the defendant does not question the sufficiency of the evidence to sustain the verdict. He addresses himself solely to questions of law.

[1] The first matter assigned as error concerns a claimed variance between the plaintiff's pleading and her proof. It arose in this way:

288 F.—45

The plaintiff alleged in her complaint that the defendant Director General operated the system of the Lehigh Valley across the public highway in question and that on the day of the accident, "and for some time prior thereto, maintained the crossing of the said Johnson Avenue, over and along its rails and tracks in a defective and dangerous condition," etc.   When, in opening to the jury, counsel for the plaintiff described ·the place of the accident, he was interrupted by counsel for the defendant with the objection that the place about which he was talking was different from the place named in the complaint, and that, accordingly, in stating a different place of the accident he was stating a cause of action different from the one declared on.   As the objection was made not to evidence offered by the plaintiff but to remarks made by her counsel, the court, after discussion, denied "whatever motion" counsel for defendant had to make at that time.   Thereafter the plaintiff's evidence as to the place of the accident was offered and admitted without objection.

It developed in the testimony that there were two crossings of the Lehigh Valley over Johnson Avenue situate about 140 feet apart; one a crossing of six tracks for general traffic and the other a spur crossing of a single track leading from the railroad yards to a manufacturing plant.   The defendant calls the former a public crossing and the latter a private crossing and draws therefrom distinctions both in fact and law.

It is, of course, thoroughly settled that the plaintiff at the trial was limited in her proof to the cause of action pleaded in her complaint. The cause of action there stated was the negligence of the defendant which occasioned the death of her husband at "the crossing" of the avenue.   The defendant maintains that by this expression the plaintiff meant the "main" crossing.   If he is right there is a variance, for the proofs show that the accident occurred at the spur crossing. If, however, the words "the crossing" refer to the spur crossing, to which alone the evidence was directed, there is no variance.   In this dispute as to the crossing involved, we are of opinion that if there had been any doubt in the mind of the defendant as to what crossing the plaintiff meant he should not have pleaded to the complaint but should have raised objection to its insufficiency by special demurrer or other appropriate procedure calling for a more specific allegation. But, having pleaded to the complaint by general traverse and having gone to trial on the issue raised, he cannot be heard to complain— especially on writ of error without exception noted to the offer of evidence—that the crossing of the accident was different from the one he thought it was.   Nor can he plead surprise for the trial at which the verdict was rendered was the second trial of the action.

[2] The distinction in law which the defendant makes between the contested places of the accident is that the statute of New Jersey under which the plaintiff seeks to recover applies to a public crossing, not to a private one, and that for this reason the statute does not apply to the spur crossing where, according to the evidence and the verdict, the accident happened.   The defendant bases this distinction on the assumed premise that, being connected with a private-

ly owned manufacturing plant, the spur is private, and, for that reason, is not in any way a part of the system of the Lehigh Valley Railroad Company, and that, though owned and maintained, and, when used, is operated by the Lehigh Valley Railroad Company across a public highway, it is not such a crossing as is contemplated by the New Jersey statute (3 Comp. St. 1910, p. 4231, § 26). This statute reads as follows:

"It shall be the duty of every railroad company owning, leasing or controlling any right of way for a railroad within this state, to construct and keep in repair good and sufficient * * * passages * * * across the railroad or right of way where any public or other road, street or avenue * * * shall cross the same, so that public travel on the said road shall not be impeded thereby. * * *"

[3] We are of opinion that on the showing in this case the spur track in question is a part of the system of the Lehigh Valley Railroad Company, just as siding tracks and yard tracks are, and that as it crosses a thoroughfare over which the public continually pass, it is within the purview of the act. Even so, the defendant maintains that the trial judge, in instructing the jury on the law, erred in saying, in effect, that the defendant was under an absolute duty to keep the siding or spur track in safe condition instead of saying that he was under the qualified duty to exercise reasonable care to do so.

As the learned trial judge was called upon to apply a state statute in an action being tried in a federal court he was careful to charge the statute as it had been construed by the court of last resort of that state. He first quoted the language of the Court of Errors and Appeals of New Jersey in Samkiwicz v. Atlantic City Railroad Co., 82 N. J. Law, 478, 81 Atl. 833, 39 L. R. A. (N. S.) 571, Ann. Cas. 1913C, 1363, where it was said:

"While the railroad company has the right, when lawfully authorized, to cross a public highway with its rails, it must so construct its roadbed over the highway as not to unnecessarily interfere with its safe use by the public. * * * Planking, or some other efficient material, must be placed between the rails where they cross a public highway, so as to afford to the public a sufficient method by which it may safely cross its rails."

He then quoted from Taylor v. Lehigh Valley Railroad Co., 87 N. J. Law, 673, 675, 94 Atl. 566, 567, in which the same court said:

"A railroad company is charged with the duty to use reasonable care to keep the crossing over its tracks in proper repair."

From these cases it appears that the New Jersey statute imposes upon a railroad company two duties; one with reference to the construction of passageways over railroad tracks crossing a public highway, which is absolute, and the other with reference to keeping the same in repair, which is limited to the exercise of reasonable care. Newark v. D. L. & W. R. Co., 42 N. J. Eq. 196, 7 Atl. 123; New York, etc. R. R. Co. v. Montclair, 47 N. J. Eq. 591, 21 Atl. 493; Metuchen v. P. R. R., 73 N. J. Eq. 359, 69 Atl. 465; P. R. Co. v. Matthews, 7 Vroom (36 N. J. Law) 531; Piver v. P. R. R., 76 N. J. Law, 713, 716, 71 Atl. 247. And of the same opinion evidently was the learned trial judge, because after quoting from the cases cited

he said in his charge, time and again, that the duty which the law imposed on the defendant in this case was the exercise of reasonable care in keeping in repair the crossing over the tracks.

We are of opinion that in charging the jury 'the trial judge did not confuse them by defining two measures of duty for the defendant but, on the contrary, followed closely the New Jersey interpretations of the statute.

We doubt that the court committed error in sustaining an objection to a question put to the witness Talbot on cross-examination. If error, it was not prejudicial because the next question asked the witness was in substance identical with the question overruled and it elicited from him the admission that was sought to be obtained by the first question.

Finding no error in the proceedings below we direct that the judgment be affirmed.