## THE UNITED STATES, EX REL. BERNARDIN,

### *vs.*

## DUELL.

CONSTITUTIONAL LAW ; APPEALS FROM COMMISSIONER OF PATENTS.

That portion of the act of Congress of February 9, 1893 (27 Stat. 434), conferring upon this court jurisdiction of appeals from the Commissioner of Patents in interference cases, is constitutional ; *following* Bernardin *v.* Seymour, 10 App. D. C. 294.

No. 810.  Submitted October 3, 1898.  Decided October 7, 1898.

HEARING on an appeal by the relator from a judgment dismissing a petition for a writ of *mandamus* to the Commissioner of Patents.  *Affirmed.*

*Mr. Julian C. Dowell* for the appellant.

*Mr. W. A. Megrath* for the appellee.

Mr. Justice SHEPARD delivered the opinion of the Court:

In consideration of the peculiar circumstances of this case, the motion to submit without first printing the record has been granted.

The sole question raised by the record is the constitutionality of the act of Congress conferring jurisdiction upon the Court of Appeals of the District of Columbia of appeals from the decisions of the Commissioner of Patents in interference cases.

This court having reversed a decision of Commissioner Seymour in such a case, the appellee therein demanded execution of the Commissioner's decision in his favor, notwithstanding that reversal, upon the contention that the court had no jurisdiction in the premises. Compliance having been refused by the Commissioner, a petition for *mandamus* was filed against him in the Supreme Court of the District of Columbia. That court dismissed the petition, and its judgment was affirmed upon appeal to this court, March 1, 1897. *United States, ex rel. Bernardin,* v. *Seymour,* 10 App. D. C. 294.

Before a writ of error could be sued out from the Supreme Court of the United States, the term of Commissioner Seymour expired, and the appellant began action anew against his successor, Hon. Benjamin Butterworth. His petition was again dismissed by the Supreme Court of the District, and that dismissal was likewise affirmed upon the grounds stated in the decision of the former appeal. 11 App. D. C. 91.

The appellant then took the case by writ of error to the Supreme Court of the United States; but before it could be determined therein Commissioner Butterworth died. Plaintiff in error then moved that court for leave to substitute

for Commissioner Butterworth, deceased, his successor, Commissioner Duell, in order that the cause might not abate. This motion was denied, and for want of a party the court ordered that the judgment of the Court of Appeals be reversed, and the cause remanded with directions to reverse the judgment of the Supreme Court of the District of Columbia, and remand the cause to that court with direction to dismiss the petition because of the death of Commissioner Butterworth. *Bernardin* v. *Butterworth,* 169 U. S. 600, 606.

The present suit is a renewal of the same cause of action by original petition against Commissioner Duell. The only change made in the petition, as originally filed, is the substitution of Commissioner Duell as defendant, instead of Commissioner Seymour, with the necessary statement of the intervening history of the succession in the office of Commissioner of Patents.

For the reasons given at length in the opinion delivered in *Bernardin* v. *Seymour,* 10 App. D. C. 294, the judgment dismissing the petition must be *affirmed, with costs; and it is so ordered.*

[This case was taken by writ of error to the Supreme Court of the United States, and by that court affirmed on January 23, 1899. 172 U. S. 576.—REPORTER.]