LeCRONE, RECEIVER OF THE ORINOCO COM-
PANY, LIMITED, *v.* McADOO, SECRETARY OF
THE TREASURY.

ERROR TO THE COURT OF APPEALS OF THE DISTRICT OF
COLUMBIA.

No. 304.   Submitted April 26, 1920.—Decided June 1, 1920.

A writ of error to review a judgment of the Court of Appeals of the
District of Columbia dismissing a petition for mandamus against
the Secretary of the Treasury must be dismissed if, after respondent's
resignation from office, his successor has not been substituted within
twelve months.  P. 218.  Act of February 8, 1899, c. 121, 30 Stat.
822.
In default of such timely substitution, the petition cannot be retained
to charge the respondent personally in damages.(D. C. Code, § 1278),
since damages are only incident to allowance of the writ.  P. 219.
Writ of error to review 48 App. D. C. 181, dismissed.

THE case is stated in the opinion.

*Mr. George N. Baxter* for plaintiff in error.

*The Solicitor General* and *Mr. W. Marvin Smith* for
defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a petition to the Supreme Court of the District
of Columbia for mandamus to direct the Secretary of the
Treasury to pay the amount of two certificates issued to
the petitioner by the Secretary of State.  The petitioner
is receiver of the Orinoco Company, Limited.  That
Company had claims for damages against the United
States of Venezuela, which, with others, by agreement

between the two governments, the United States of America released upon receiving from the United States of Venezuela a certain sum in trust for the parties having the claims. By the Act of February 27, 1896, c. 34, 29 Stat. 32, moneys so received are to be paid into the Treasury and the Secretary of State is to "determine the amounts due claimants, respectively, . . . . and certify the same to the Secretary of the Treasury, who shall, upon the presentation of the certificates of the Secretary of State, pay the amounts so found to be due." Each of such trust funds is declared to be "appropriated for the payment to the ascertained beneficiaries thereof of the certificates" provided for. The answer alleged that there were pending in the same Supreme Court two bills in equity, one by a private person and one by the Orinoco Company, Limited, asserting claims to the fund, that the respondent and petitioner both are parties to those proceedings, the petitioner having submitted to the jurisdiction, and that the petitioner should be limited to those proceedings and await the result of the decrees. The petitioner demurred. The demurrer was overruled and the petition was dismissed by the Supreme Court and its judgment was affirmed by the Court of Appeals.

The theory of the answer seems to be that the purpose of the act of Congress was to appropriate a fund to the claim and to transfer the claim to that fund, leaving the question of title open to litigation in the ordinary courts, as has been held in more or less similar cases. *Butler* v. *Goreley,* 146 U. S. 303, 309, 310. *S. C.* 147 Massachusetts, 8, 12. *United States* v. *Dalcour,* 203 U. S. 408, 422. *Robertson* v. *Gordon,* 226 U. S. 311, 317. See also *Bayard* v. *White,* 127 U. S. 246. It is thought that Congress hardly can have sought to confer judicial powers upon the Secretary of State. *United States* v. *Borcherling,* 185 U. S. 223, 234. And as the certificates are not gifts but are in recognition of outstanding claims, *Williams* v. *Heard,*

140 U. S. 529, reversing *s. c.* 146 Massachusetts, 545, judicial action is supposed to be necessary for the final determination of the right.    But we cannot consider that question or the other arguments upon the merits of the case, because, Mr. McAdoo having resigned the office of Secretary of the Treasury, his successor was not substituted within twelve months; which is the limit for such substitution fixed by the Act of February 8, 1899, c. 121, 30 Stat. 822.    It is said that the Code of the District of Columbia, § 1278, allows the petitioner to recover damages in the same proceeding and that the petition should be retained to charge Mr. McAdoo personally.    But apart from other questions the damages are only incident to the allowance of the writ of mandamus, and as that cannot be allowed the whole proceeding is at an end.    See *Pullman Co.* v. *Knott,* 243 U. S. 447, 451; *Pullman Co.* v. *Croom,* 231 U. S. 571, 577.

*Writ of error dismissed.*