**KUTTROFF et al. v. SUTHERLAND, Alien Property Custodian, et al.**

District Court, S. D. New York.

April 2, 1931.

Cardozo & Nathan, of New York City (Michael H. Cardozo, Jr., of New York City, of counsel), for plaintiffs.

George Z. Medalie, U. S. Atty., of New York City, and Thomas E. Rhodes and Phillip M. Marcum, Sp. Assts. to Atty. Gen., and Marion Henderson, Gen. Counsel for Alien Property Custodian, of Washington, D. C., for defendants.

BONDY, District Judge.

The decree directing the defendants to deliver to the complainants Liberty bonds of the par value of $440,500 and to pay them $137,850.90 interest thereon expressly provides that such payment should be without prejudice to the rights of the complainants, if any, in respect to $3,164.97 paid March 15, 1924, by Thomas W. Miller, the then Alien Property Custodian, to the Bureau of Internal Revenue, and in respect to $668.11 (now alleged to be $1,059.81) deducted by the Alien Property Custodian from the income on the bonds returned to the plaintiffs.

The defendant Frank White resigned as Treasurer of the United States on April 30, 1928. No application has ever been made for the substitution of any of his successors, and, it being more than six months since he resigned, the suit against the Treasurer of the United States has abated and cannot be revived against the present Treasurer. Act of Congress February 13, 1925, § 11 (28 USCA § 780); Rule 19 of the Supreme Court of the United States (28 USCA § 354); Le Crone v. McAdoo, 253 U. S. 217, 40 S. Ct. 510, 64 L. Ed. 869; U. S. ex rel. Claussen v. Curran, 276 U. S. 590, 48 S. Ct. 206, 72 L. Ed. 720.

Nor can the suit be maintained as to said sum of $3,164.97 against Howard Sutherland, Alien Property Custodian.

Under section 9 (a) of the Trading with the Enemy Act (50 USCA Appendix § 9 (a), plaintiffs are limited to the recovery of money or other property actually held by the Alien Property Custodian or by the Treasurer of the United States at the time the suit was instituted. At that time the sum of $3,164.97 had been paid over by the Custodian to the Treasurer.

Section 24 of that act (50 USCA Appendix § 24), as well as the executive order of

the President, dated July 16, 1918, authorize the Alien Property Custodian to pay all taxes lawfully assessed against any money or other property held by him or by the Treasurer of the United States, notwithstanding that a claim may have been filed or suit instituted under the act. Section 7 (e) (50 USCA Appendix § 7 (e) provides that no person shall be held liable for anything done or omitted in pursuance of any order, rule, or regulation made by the President under the authority of the act.

Moreover, the Trading with the Enemy Act specifically provides that all moneys paid to or received by the Alien Property Custodian shall be deposited forthwith in the Treasury of the United States. Section 12 (50 USCA Appendix § 12).

The tax was paid by Thomas W. Miller, as Alien Property Custodian, to the Treasury Department in March, 1924. Howard Sutherland became Alien Property Custodian December 24, 1925. It accordingly appears that the defendant Sutherland never had possession, custody, or control of this $3,164.97 either personally or as Alien Property Custodian, but it was properly paid by his predecessor in office to the Treasury Department.

Section 24 also authorizes the Alien Property Custodian to pay the necessary expenses incurred by him in securing the possession, collection, or control of any money or other property held by him or by the Treasurer of the United States under the act, or in protecting or administering the same, out of the money or property in respect of which such expenses are incurred, notwithstanding that a claim may have been filed or suit instituted under the act. For all that appears by affidavit, "these deductions were to cover the expenses incurred by the Alien Property Custodian in connection with the collection of said earnings and income and the payment of the same to the plaintiffs." Such expenses accordingly were deductible even though the property was erroneously seized. Escher v. Woods, 281 U. S. 379, 50 S. Ct. 337, 74 L. Ed. 918; Henkels v. Sutherland, 271 U. S. 298, 46 S. Ct. 524, 70 L. Ed. 953, 51 A. L. R. 229.

Though the sum of $3,164.97 was taken out of money belonging to the plaintiffs in payment of a tax assessed against an alien enemy, their motion for a supplementary decree must be denied under the foregoing circumstances.