## KUTTROFF et al. v. SUTHERLAND, Alien Property Custodian, et al.

District Court, S. D. New York.
Feb. 16, 1932.

Cardozo & Nathan, of New York City (Michael H. Cardozo, Jr., of New York City, of counsel), for plaintiffs.

George Z. Medalie, U. S. Atty., of New York City, and Thomas E. Rhodes and Phillip M. Marcum, Sp. Assts. to Atty. Gen., for defendants.

BONDY, District Judge.

■ The fact that the Commissioner of Internal Revenue, recognizing the merits of the plaintiffs' claim for a refund, sent to the Alien Property Custodian a check to cover the amount of an income tax assessed against an alien enemy but improperly collected out of property belonging to plaintiffs, does not affect the decision originally made herein. (D. C.) 49 F.(2d) 944. The Alien Property Custodian forthwith redeposited the check in the treasury of the United States in compliance with the requirements of section 12 of the Trading with the Enemy Act (50 USCA Appendix § 12). Section 9 (a) of the act (50 USCA Appendix § 9 (a), under which this action is brought, permits suit only against the Custodian or the Treasurer "as the case may be"; that is, against the one who actually has the property. The fact that the action against the Treasurer has abated does not authorize this court to change its previous decision and arbitrarily to order the payment thereof to the plaintiffs by the Custodian, who has properly parted with the money.

An examination of the record on appeal in Escher v. Woods, 281 U. S. 379, 50 S. Ct. 337, 74 L. Ed. 918, will disclose that the Supreme Court did sustain the deduction of charges and expenses incurred in the collection of income from income on property of an American citizen which had been wrongfully seized by the Alien Property Custodian. Though the charge of $55,909.83 was disallowed by the Supreme Court, the sums of $905.86 and $106.30, designated "collection fees," were deducted from the income, and the deductions not disallowed.

Neither the Trading with the Enemy Act nor any executive order imposed on the Alien Property Custodian the duty to pay to any one who is not an alien enemy any part of a claim which exceeded $10,000.

■ Nor should there be any confusion between the rights of one who pursues the judicial remedies afforded by the act and the rights of one who pursues the administrative remedies created thereby. Section 9 (a), although permitting a choice of either, does not authorize combining parts of both. The executive orders delegating powers of the President to the Custodian relate to the administrative remedy only.

■ The request to join Thomas W. Miller, if necessary, was not overlooked. No personal complaint being made against Miller, and he no longer being connected with the office of the Custodian, there is no reason why he should be made a party.

The motion for a reargument accordingly is denied.