## BECKER STEEL CO. OF AMERICA v. HICKS, Alien Property Custodian, et al.

District Court, S. D. New York.

Sept. 12, 1932.

Townsend & Kindleberger, of New York City (by Crosby Kindleberger, of New York City), for complainant.

George Z. Medalie, U. S. Atty., of New York City, Roy St. Lewis, Asst. Atty. Gen., Philip M. Marcum, Sp. Atty. in Alien Property Matters, of Washington, D. C., and Thomas E. Rhodes, Sp. Asst. to Atty. Gen., for defendants.

GODDARD, District Judge.

This is a motion of the Becker Steel Company of America to substitute as parties defendant Howard Sutherland as Alien Property Custodian in the place of Frederick C. Hicks and Walter O. Woods as Treasurer of the United States in the place of Frank White, and for the following relief: (1) To require the Alien Property Custodian to cause to be paid to the Becker Steel Company of America the alleged expenses (from principal) aggregating $3,887.64; (2) to require the payment of interest on said sum of $3,887.64 from February 20, 1919, the date of the sale of said 2,500 shares of the stock of the Becker Steel Company of America; (3) if necessary, the warrant and satisfaction of decree, made October 10, 1925, and the receipt of the Becker Steel Company of America, be set aside; and (4) that Becker Steel Company of America have such other and further relief as may be just and proper.

### Facts.

The Becker Steel Company of America (hereinafter referred to as the Becker Steel Company), a West Virginia corporation, with its principal office in New York City, on July 12, 1918, reported to the Alien Property Custodian two certificates of stock of the company of 2,500 shares each; one certificate registered on the books of the corporation in the name of William Peters for Reinhold Becker, à German enemy, and the other in the name of William Peters for the said Becker or Stahlwerke-Becker Aktiengesellschaft. The Alien Property Custodian seized these shares and compelled the Becker Steel Company to reissue a like number of shares to the Alien Property Custodian. Subsequently the Becker Steel Company brought suit in the United States District Court for the Southern District of West Virginia for the return of 2,500 shares of this stock, and by decree of that court, dated May 21, 1919, this stock was ordered returned and the actual shares were returned to the Becker Steel Company. On February 10, 1919, after advertising, the Alien Property Custodian sold at public auction the remaining 2,500 shares of this stock to W. R. Comfort and J. P. Kreig for the sum of $20,000. It also appears that charges and expenses amounting to $3,887.64 were incurred by the Bureau of Sales for the appraisal, advertising, and sale

of this stock, which left net proceeds amounting to $16,112.16, which was remitted to the Alien Property Custodian, and on July 9, 1919, was covered into the Treasury of the United States.

On October 11, 1922, the Becker Steel Company filed a claim for the return of the said 2,500 shares or for the proceeds from their sale, setting forth that these shares were formerly owned by Adolf J. Becker and had been turned into the Treasury and canceled on February 19, 1917, and that then and there they became the property of the Becker Steel Company. The Alien Property Custodian disallowed this claim, and the Becker Steel Company brought suit in the United States District Court for the Southern District of New York, and on August 21, 1925, a final decree was entered in the cause, the pertinent portion of which reads as follows:

"Ordered, adjudged and decreed that the 2500 shares of the capital stock of the complainant, heretofore seized and sold by the Alien Property Custodian, was at the time of said seizure treasury stock belonging to the complainant, a West Virginia corporation, and not subject to seizure and sale as the property of an alien; and it is further

"Ordered, adjudged and decreed that Frederick C. Hicks as Alien Property Custodian be and he is hereby substituted as a party defendant in place and stead of Thomas W. Miller as Alien Property Custodian; and it is further

"Ordered, adjudged and decreed that the defendants Frederick C. Hicks, as Alien Property Custodian and Frank J. White, as Treasurer of the United States, forthwith pay to the complainant herein the sum of $20,000, being the amount of the proceeds of the sale of said stock, as prayed for in the bill of complaint herein.

"August N. Hand,
"District Judge."

In October, 1925, the Treasurer of the United States paid to the Becker Steel Company $16,112.16, and it executed a warrant of satisfaction of decree which was filed in the office of the clerk of the District Court for the Southern District of New York, and on October 10, 1925, the Becker Steel Company executed a release to the Treasurer of the United States wherein it acknowledged that the Alien Property Custodian had received from the sale of the said stock the sum of $20,000, but "this amount has been reduced by $3,887.64 through the necessary expense incurred by the said sale leaving the net proceeds returnable to the complainant herein at

$16,112.16." In this instrument the Becker Steel Company acknowledged receipt from the Treasurer of the United States of the money ordered by said decree to be paid by the Treasurer of the United States as follows, to wit: Cash in the amount of $16,112.-16, "representing the total amount of money held by the Treasurer of the United States as the net proceeds of the sale of the 2500 shares of the Becker Steel Company stock paid pursuant to said decree, and the undersigned does hereby further acknowledge and accept said sum as a full compliance with and satisfaction of said decree by the Treasurer of the United States as above quoted." This sum of $3,887.64 represents the actual cash disbursement made by the Bureau in effecting the sale of the stock.

Two years later, after the decision of the Supreme Court in Henkels v. Miller, 271 U. S. 298, 46 S. Ct. 524, 70 L. Ed. 953, 51 A. L. R. 229, holding that, where property of an American citizen had been mistakenly seized, the owner was entitled to recover the income which had accrued thereon while in the hands of the government, interest amounting to $4,783.82 on the $16,112.16 was paid to the Becker Steel Company by the Alien Property Custodian and the Treasurer of the United States.

At the time this suit was brought, Thomas W. Miller was Alien Property Custodian and Frank White was Treasurer of the United States. Mr. Miller resigned as Alien Property Custodian on April 8, 1925, and was succeeded by Frederick C. Hicks, who was appointed to office on April 10, 1925; Mr. Hicks died on December 14, 1925, and Mr. Sutherland was appointed and assumed the duties of Alien Property Custodian on December 24, 1925, and now holds that office. Mr. White resigned as Treasurer of the United States on April 30, 1928, and was thereupon succeeded by H. D. Tate, as Treasurer, who held office until January 18, 1929, when he was succeeded by Mr. Woods, who is still Treasurer of the United States. Mr. Hicks was substituted in the place of Mr. Miller on August 1, 1925. No other substitutions or applications to substitute were made until this motion, dated February 28, 1932.

The motion is opposed on several grounds, but I believe it is not necessary to discuss them all, for I think that one of them, namely, the application to substitute Howard Sutherland, the present Alien Property Custodian, in place of Frederick C. Hicks, who formerly held that office, and to substitute the present Treasurer of the United States, Wal-

ter O. Woods, in place of the former Treasurer, Frank White, requires a denial of the motion. It is to be noted that this is a "motion," and that complainant states in its "motion" papers that it is based upon the decree of August 21, 1925 and "upon all the other papers and proceedings in this suit." This, of course, indicates that a suit is pending, and, moreover, the complainant itself assumes and must concede that the suit is pending, otherwise it would not and could not make the application for a substitution of parties. This motion is not an ancillary or independent proceeding. What is asked for in complainant's "motion" is to have the present government officials substituted in place of the predecessors in office and to require them to pay to complainant the sum of $3,887.64, with interest.

It not infrequently happens that during the progress of a suit brought by or against a government officer in his official capacity he ceases to hold office, and it becomes proper and necessary to substitute his successor in office as a party instead of the former occupant of the office. Substitution during the pendency of a suit or proceeding of a successor is authorized by statute—Act of Congress of February 13, 1925, § 11 (28 USCA § 780), which succeeds a prior act of February 8, 1899 (chapter 121, 30 Stat. 822). The act of 1899 was undoubtedly passed in accordance with the suggestion in the opinion of the Supreme Court in United States ex rel. Bernardin v. Butterworth, 169 U. S. 600, 18 S. Ct. 441, 42 L. Ed. 873, decided March 21, 1898. The act of 1899 provided for the revival of an abated action if application to substitute the successor in office was made within twelve months. That act remained in force until superseded by the act of 1925, which provides that: "Where, during the pendency of an action, suit, or other proceeding brought by or against an officer of the United States * * * and relating to the present or future discharge of his official duties, such officer * * * ceases to hold such office. * * *" The suit may be continued by or against his successor in office if application is made within six months after such predecessor has left the office. Rule 19 of the Supreme Court of the United States, paragraph 4 (28 USCA § 354), provides: "* * * Under that section [section 11] a substitution of the successor in office may be effected only where a satisfactory showing is made within six months after the death or separation from office." In Le Crone v. McAdoo, 253 U. S. 217, 40 S. Ct. 510, 511, 64 L. Ed. 869, it was held that under the act of 1899 that the twelve months fixed by the statute "is the limit for such substitution." In United States ex rel. Claussen v. Curran, 276 U. S. 590, 48 S. Ct. 206, 72 L. Ed. 720, the Supreme Court held that, where no motion had been made under section 11 of the act of 1925 for the substitution and the continuance of a suit against a successor in office within six months, the suit should be dismissed as abated. See, also, Kuttroff et al. v. Sutherland (D. C.) 49 F.(2d) 944.

When this suit was instituted, Thomas W. Miller was Alien Property Custodian and Frank White was Treasurer of the United States. Miller resigned on April 8, 1925, and was succeeded on April 10, 1925, by Frederick C. Hicks, who died December 14, 1925, and Howard Sutherland was appointed Alien Property Custodian on December 24, 1925, and now holds that office. Frank White resigned as Treasurer of the United States on April 30, 1928, and was thereupon succeeded by H. T. Tate, who held office until succeeded by Walter O. Woods on January 18, 1929, and who still holds that office. Frederick C. Hicks was substituted as a party defendant on August 21, 1925, in place of Thomas W. Miller. Mr. Sutherland was appointed to office in December, 1925, and Mr. Woods in January, 1929, no applications for substitutions were made until this motion of February 8, 1932, and it is clear that the court now has no power to allow these substitutions; and it is equally clear that the court cannot require the present Alien Property Custodian or the present Treasurer of the United States to pay over money, as they are not parties to the suit.

Accordingly the motion is denied.