**MARTIN v. COE, Com'r of Patents.**
No. 6450.

United States Court of Appeals for the District of Columbia.

Decided April 6, 1936.

James V. Martin, of Washington, D. C., pro se.

T. A. Hostetler and R. F. Whitehead, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

MARTIN, Chief Justice.

This case was begun by the filing of a bill in equity in the lower court by appellant, as plaintiff, against Thomas E. Robertson, as Commissioner of Patents, under section 4915, R.S.(35 U.S.C.A. § 63), to require the Commissioner to issue a patent to appellant to include a group of claims which had been rejected by the tribunals of the Patent Office.

The bill was filed in the lower court on February 10, 1930; on February 28, 1930, an answer was filed by the defendant; on April 7, 1933, the case was argued and submitted.

On June 26, 1933, a date after the argument but before the decision of the case, Mr. Robertson resigned from the office of Commissioner of Patents and was succeeded by the present appellee, Conway P. Coe.

28 U.S.C.A. § 780, provides as follows for cases in which a public officer ceases to hold his office, during the pendency of a case brought against him as such, and is succeeded by a subsequent appointee:

"(a) Where, during the pendency of an action, suit, or other proceeding brought by or against an officer of the United States, * * * and relating to the present or future discharge of his official duties, such officer dies, resigns, or otherwise ceases to hold such office, it shall be competent for the court wherein the action, suit, or proceeding is pending, whether the court be one of first instance or an appellate tribunal, to permit the cause to be continued and maintained by or against the successor in office of such officer, if within six months after his death or separation from the office it be satisfactorily shown to the court that there is a substantial need for so continuing and maintaining the cause and obtaining an adjudication of the questions involved. * * *

"(c) Before a substitution under this section is made, the party or officer to be affected, unless expressly consenting thereto, must be given reasonable notice of the application therefor and accorded an opportunity to present any objection which he may have."

On June 26, 1934, the lower court dismissed the case upon the ground that after the accession of Mr. Coe as Commissioner, the case had not been "continued and maintained" by the court in accordance with the requirements of the foregoing statute.

Afterwards, to wit, on July 26, 1934, the plaintiff filed a motion in the lower court, together with a supporting affidavit, praying the court to vacate its order dismissing the case and assigning in substance the following grounds for the motion, to wit, that on or about the middle of August, 1933, within 60 days following the succession of Mr. Coe to the office of Commissioner of Patents, plaintiff personally called at the office of the secretary of the trial justice for the purpose of asking when a decision could be expected in the case, and whether there was any further action which plaintiff should take in the case; that while plaintiff was asking the secretary these questions the trial justice came into the office and spoke to plaintiff substantially as follows: "I owe you an apology for not having reached a decision in your patent case, but I have been under considerable pressure of other work and will soon let you have a decision"; that following this conversation plaintiff relied upon the same and was convinced that there was no other action which was proper or necessary for him to take in the case until a decision was announced; and that the attorney of the Commissioner made no objection to a continuation of the cause and a decision on the merits.

Approximately a month following the August visit of plaintiff to the chambers of the trial justice, plaintiff visited the Patent Office on another matter and met the counsel of record for the Commissioner, who said to plaintiff that he "wondered when we may expect a decision" in plaintiff's case. That plaintiff then repeated

608

to him the statements made by the trial justice as to a speedy decision.

The appellant contends that these occurrences, happening well within the six months' period following the accession of Mr. Coe to office, together with the trial record of the case awaiting decision in the hands of the trial justice, amounted to a satisfactory showing of a substantial need for continuing and maintaining an adjudication of the questions involved in the case, and that plaintiff had no doubt that the court so regarded it, and that when a decision was rendered the title of the case would show the name, Conway P. Coe, substituted for his predecessor in office.

On January 18, 1935, the lower court entered a final decree in the case dismissing the plaintiff's bill of complaint, whereupon the present appeal was taken.

The sole question involved in this appeal is whether within six months after the retirement from office of Commissioner Robertson it was satisfactorily shown to the lower court that there was a substantial reason for continuing and maintaining the cause and obtaining an adjudication of the question involved, and whether such a substitution was made by the court, and whether before such a substitution was made the Commissioner of Patents, unless expressly assenting thereto, was given a reasonable notice of the application therefor and accorded an opportunity to present any objection which he might have thereto.

We think that the explanation given by appellant of the facts connected with the case in the lower court does not show such a substitution. The conversation between the trial justice and the plaintiff did not serve as a substitute for the necessary action in court, as a satisfactory showing to the court that there was a substantial need for continuing and maintaining the cause and obtaining an adjudication of the questions involved, or that because of such a showing the court permitted the cause to be continued and maintained against Mr. Coe as successor in office to Mr. Robertson.

A similar question was before this court in the case of Black Clawson Co. v. Robertson, 63 App.D.C. 236, 71 F.(2d) 536, wherein similarly the six months' period permitting the substitution of the incoming Commissioner of Patents for the retiring Commissioner had not expired when the cause was argued and submitted to this court for decision, but that no action was taken within the six months' period for a substitution under the statute. Upon a motion made after the expiration of such period praying for a substitution in the case, we held against the application and dismissed the case.

In United States ex rel. Claussen v. Curran, 276 U.S. 590, 48 S.Ct. 206, 72 L.Ed. 720, the court said: "It appearing that Henry H. Curran, sued herein as Commissioner of Immigration, resigned such office on March 31, 1926, and was succeeded by Benjamin M. Day, who now holds that office, and that no motion was made under section 11 of the Act of February 13, 1925 (chapter 229, 43 Stat. 936, 941 [28 U.S.C.A. § 780]), asking the Court to 'permit the cause to be continued and maintained by or against the successor in office of such officer,' and that the six months' period, within which such a motion could have been made, has expired, the Court now vacates the judgments entered in the District Court and in the Circuit Court of Appeals and remands the cause to the District Court with a direction to dismiss the cause as abated." See Le Crone v. McAdoo, 253 U.S. 217, 40 S.Ct. 510, 64 L.Ed. 869.

Consistently with the foregoing authorities, we affirm the judgment of the lower court dismissing plaintiff's bill, at appellant's cost.