**STATE OF OKLAHOMA ex rel. McVEY, County Attorney, v. MAGNOLIA PETROLEUM CO. et al.**

No. 2065.

Circuit Court of Appeals, Tenth Circuit.

July 11, 1940.

Rehearing Denied Sept. 4, 1940.

112

W. F. Pardoe, of Stroud, Okl. (Frank McVey, Co. Atty., and William A. Vassar, both of Chandler, Okl., and Hal Johnson, of Oklahoma City, Okl., on the brief), for appellant.

B. B. Blakeney, Jr., of Oklahoma City, Okl. (Walace Hawkins, of Dallas, Tex., and B. B. Blakeney, Sr., of Oklahoma City, Okl., on the brief), for appellee.

Before PHILLIPS and WILLIAMS, Circuit Judges, and MURRAH, District Judge.

WILLIAMS, Circuit Judge.

Appellant seeks to have reviewed the following assignments:

(1) That the action herein was improperly removed from the District Court of Lincoln County, Oklahoma, to the United States District Court for the Western District of Oklahoma.

(2) The overruling of the motion of appellant to remand.

(3) The sustaining of appellee's motion as to dismissal of the action.

As filed in the state district court, the case is entitled "State of Oklahoma, ex rel. Bill Vassar, County Attorney for Lincoln County, Oklahoma, Plaintiff, v. Magnolia Petroleum Company, a corporation and P. E. Haralson, Defendants," in which it is alleged:

"* * * the State of Oklahoma on the relation of Bill Vassar, County Attorney of Lincoln County, Oklahoma, * * * for cause of action against the defendant * * states:

"(1) That Bill Vassar is the duly elected, qualified and acting County Attorney of Lincoln County, Oklahoma.

"(2) That the said defendant is a corporation organized and existing under and by virtue of the laws of the State of Texas.

"(3) That the said defendant corporation acquired title to certain lands hereinafter described in Lincoln County, Oklahoma, on the dates and in the manner as follows, to-wit:

"Northeast Quarter of Section Thirty-three, Township 16 North, Range 2 E. I. M.—Southwest Quarter of Section Twenty-seven, Township 16 North, Range 2 E. I. M.—West half of Southwest Quarter of Northwest Quarter of Section Twenty-seven, Township Sixteen North, Range Two East of the Indian Meridian.

"That defendant corporation is the owner of all of said lands, and that the said defendant P. E. Haralson holds only the naked title to said land and holds the same in trust for said defendant corporation. That the said P. E. Haralson is an officer, employee and agent for the said defendant corporation, and permits his name to be used to evade the provisions of the Constitution and Laws of the State of Oklahoma.

"(4) That the said defendant corporation at the time it received by grant, as aforesaid, the said lands as above described, was without authority of law to own, hold or use the same, and that the said tract of land was not necessary to or acquired for the uses and purposes of said corporation, which said fact was known to said corporation and each of the persons interested in said corporation, and that the disability and inhibition against said corporation under the Constitution and Laws of the State of Oklahoma, as the same then and now exists, was known by said corporation or parties interested in said corporation.

"(5) That the said defendant corporation now holds said lands and real estate in violation of the Constitution and Laws of the State of Oklahoma; and that the said real estate and lands so owned and held by the said defendant corporation, under the provisions of Section 2, Article 22, Constitution of the State of Oklahoma, Okl.St.Ann., were forfeited and escheated to the State of Oklahoma pursuant to Section 1636, O.S.1931, which put in force and effect the said provision of the Constitution above referred to.

"(6) That the said defendant corporation, and its president, secretary and treasurer thereof, failed, neglected and refused to file a list of said lands with the Corporation Commission of the State of Oklahoma, and the Registrar of Deeds or County Clerk of Lincoln County, Oklahoma, as provided and required by Section 9752, O.S.1931, 18 Okl.St.Ann. § 83.

"(7) That by reason of the facts hereinbefore set out, the title to said real estate and lands has vested in the State of Oklahoma and that the said real estate should be escheated to the State of Oklahoma, as provided by law, and a Writ of Possession on behalf of the State of Oklahoma issue for the whole of said real estate, and that the same be sold in the manner provided by law, and the proceeds arising therefrom, after the payment of costs, expenses, informer fees, and attorney fees to be paid over to the Treasurer of the State of Oklahoma, all as provided by law.

"(8) That this action is instituted by Bill Vassar, County Attorney, as aforesaid, on behalf of the People of the State of Oklahoma, to escheat the said lands and real estate, upon information furnished to him by W. G. Pardoe, Jr.

"Wherefore, plaintiff prays judgment against said defendant corporation, for a Writ of Possession on behalf of the State of Oklahoma, for the whole of said real estate and lands, and that said real estate and lands be escheated to the State of Oklahoma, and sold in the manner provided by law, and that the proceeds arising therefrom, after the payment of the costs, expenses, informer fees, and attorney fees, to be paid over to the Treasurer of the State of Oklahoma, all as provided by law, and that the title of the State of Oklahoma to all of said lands and real estate be quieted in the State of Oklahoma and confirmed in order that good and perfect title may be conveyed to the purchaser at the Sheriff's sale thereunder, and for such other and further relief as plaintiff may be entitled in equity."

The complaint is verified by Bill Vassar, deposing "that he is the attorney for the plaintiff in the above entitled cause, and the County Attorney of Lincoln County, Oklahoma * * *."

In due time and course, notice of removal on the part of the defendant, Magnolia Petroleum Company, was served on the plaintiff, who accepted service thereof, together with copies of the petition and bond, on August 28, 1937, and the removal record duly filed in the United States Court for the Western District on September 22, 1937.

Motion on the part of plaintiff having been interposed to remand, on June 29, 1938, same was overruled and exceptions saved.

Thereafter on October 24, 1938, defendants moved to dismiss said action for the following reasons:

(1) Amended petition does not state facts sufficient to entitle plaintiff to any relief.

(2) Plaintiff has no legal capacity to sue.

(3) Statutes under which plaintiff is attempting to proceed have been declared unconstitutional by the Supreme Court of the State of Oklahoma.

(4) Statutes [1] under which plaintiff is attempting to proceed are unconstitutional and void in that they violate the Oklahoma Constitution, particularly Article 11 thereof, Okl.St.Ann., and the Fourteenth Amendment to the United States Constitution.

On September 19, 1939, an amendment to the motion to dismiss was filed on the ground that on January 1, 1939, the term of Bill Vassar as County Attorney of Lincoln County, Oklahoma, expired, and he

[1] Sec. 2, Art. 2, Ch. 13, Sess.Laws, Okl.1907–8, p. 197, 18 Okl.St.Ann. § 82; Secs. 2 and 3, Art. 1, Ch. 32, pp. 388, 389, Sess.Laws, Okl.1907–8; Secs. 1636, 1637, Okl.Stat.1931, 84 Okl.St.Ann. § 273; Rev.Laws, Okl.1910, Vol. 2, Secs. 8438, 8439, 8440, 8441, 84 Okl.St.Ann. §§ 273–276; Parwall Inv. Co. v. State, 71 Okl. 121, 175 P. 514; McMillan v. Pawnee Pet. Corp., 151 Okl. 4, 1 P.2d 775; Local Inv. Co. v. Humes, 51 Okl. 251, 151 P. 878; State v. Prairie Oil & Gas Co., 64 Okl. 267, 167 P. 756; State ex rel. Short v. Benevolent Ass'n, 107 Okl. 228, 232 P. 35, 37 A.L.R. 190.

was succeeded in that office by Frank McVey on January 2, 1939; that more than six months having elapsed after such date, no revivor of the action or substitution of Frank McVey as relator had been had, as provided by Federal Rule of Civil Procedure 25 (d), 28 U.S.C.A. following section 723c, by reason whereof said action should be dismissed.

On November 6, 1939, the court directed that the order of the court dismissing the cause without prejudice entered on October 23, 1939, be vacated and set aside, and further that the amended motion of the defendants to dismiss be sustained and said cause was thereby dismissed without prejudice at cost of plaintiff.[2]

On December 28, 1939, notice of appeal was given and appeal prosecuted on the part of Bill Vassar by Attorney Hal Johnson to the Tenth Circuit Court of Appeals, and the transcript of record lodged in said court on February 1, 1940.

On March 11, 1940, (1) defendant (appellee) filed motion to dismiss said appeal under the allegation that the action was brought as alleged in the complaint by the relator, Bill Vassar, as County Attorney of Lincoln County, Oklahoma, and that on January 2, 1939, the term of Bill Vassar, the relator, as such County Attorney, expired, and he was succeeded in that office by his regularly elected and qualified successor, Frank McVey, all of which appears from the stipulation filed therein, and that at time appeal was taken, and notice of appeal filed, more than six months had elapsed since such separation or retirement from office of the relator, Bill Vassar, and no revivor of the action or substitution of Frank McVey, the succeeding County Attorney, as relator was had before the taking of the appeal, as provided by Rule 25 (d) of the Rules of Civil Procedure for the District Courts of the United States; and that by reason of the failure of the plaintiff to comply with the provisions of such rule, by making such substitution of the successor in office of the County Attor-

ney, the action may not be continued or maintained by his successor and the taking of the appeal herein was unauthorized and of no force and effect, and (2) the action was brought, as alleged in the complaint, by said Bill Vassar, as relator, pursuant to the provisions of Section 1638, O.S.1931, Secs. 8438, 8439, 8440, 8441, Rev.Laws of Okl.1910, 84 Okl.St.Ann. §§ 273-276, under authority alleged to be conferred upon such County Attorney thereby; that by reason of the expiration of Bill Vassar's term of office as such County Attorney, his authority had terminated, and his acts in attempting to proceed in the cause and in the appeal herein are unauthorized and of no force or effect, and appellee prayed that the appeal be dismissed at cost of appellant.

Rule 25 (d), Federal Rules of Civil Procedure (Public Officers; Death or Separation from Office), provides: "When an officer of the United States, the District of Columbia, a state, county, city, or other governmental agency, or any other officer specified in the Act of February 13, 1925, c. 229, § 11, (43 Stat. 941), Title 28, U.S.C.A., Sec. 780 is a party to an action and during its pendency dies, resigns, or otherwise ceases to hold office, the action may be continued and maintained by or against his successor, if within 6 months after the successor takes office it is satisfactorily shown to the court that there is a substantial need for so continuing and maintaining it."

In Fix, Collector of Internal Revenue v. Philadelphia Barge Co., et al., 1934, 290 U.S. 530, 54 S.Ct. 270, 78 L.Ed. 481, suit was brought in the Federal District Court,[3] by the Collector of Internal Revenue upon a bond running to his predecessor in office (by name) or "his successors," and the Supreme Court, on appeal,[4] held that such action abated upon his resignation, unless a successor was substituted within six months thereafter, as provided by Act of February 8, 1899, as amended by Act of February 13, 1925, and that the *cause of*

---

[2] State of Okla. ex rel. Bill Vassar, County Atty. v. Missouri-Kansas-Texas R. Co., et al., D.C., 29 F.Supp. 968.

[3] McLaughlin, Collector of Internal Revenue v. Philadelphia Barge Co., et al., D.C.,E.D.Pa.1932, 60 F.2d 333, 334, where the court said: "It will be noted that the act does not provide that the cause may be continued as a matter of right after the plaintiff has left office

by a mere formal substitution of his successor. The act says that, if certain things are satisfactorily shown to the court, it shall be competent for the court to permit the cause to be continued and maintained by the successor in office."

[4] Ladner, Collector of Internal Revenue v. Philadelphia Barge Co., et al., 3 Cir., 1933, 63 F.2d 258.

*action* may survive and be enforced by a successor through another action.

Said Act of February 13, 1925,[5] 28 U.S. C.A. § 780, is an amplification of the original act of February 8, 1899, 30 Stat. 822, passed in response to a suggestion designed to remove what the Supreme Court of the United States in the Butterworth case called "an inconvenience."[6]

 The purpose of the Act of February 13, 1925, was to remedy the existing situation by providing for such substitution whereby upon the compliance with the stated provisions of the Act such action might be continued and the inconvenience occasioned by the bringing of another action obviated. The action in the instant case was dismissed with the right of survival of the *cause of action* in another action by Vassar's successor, as County Attorney of Lincoln County, or the Attorney General of the State, by complying with the requirements of the provisions of Rule 25 (d), supra.[7]

 As to the wording of Rule 25 (d) and the language of the Act of February 13, 1925, the latter refers to actions "brought by or against" an officer, while the former makes reference to such officer

as is "a party to an action." In the application of the rule in the instant case the relator as such officer (County Attorney of Lincoln County) is such "a party."

Under Section 1641, O.S.1931, 84 Okl. St.Ann. § 277, any person who shall have appeared in any such proceedings in the district court, or the attorney general of the state, or county attorney on behalf of the state shall have the right to prosecute an appeal to the Supreme Court of the state under this article (Art. 5, Ch. 10, O. S.1931, 84 Okl.St.Ann. §§ 271–277).

The judgment of the federal district court in dismissing the action without prejudice as to such *cause of action* as pleaded for appropriate enforcement by commencement of another action should not be disturbed; it is not essential to determine as to whether Bill Vassar, the relator, after the expiration of six months from his retirement from office, could prosecute this appeal. Whether the appeal be dismissed in this court as moved, or jurisdiction thereof retained, the action of the lower court in dismissing the action without prejudice to the appropriate commencement of another cause of action should not be disturbed, but remain as if affirmed.

---

5 (Feb. 13, 1925, Sec. 11, 43 Stat. 941): "Where, during the pendency of an action, suit, or other proceeding brought by or against an officer of * * * a county * * * and relating to the present or future discharge of his official duties, such officer dies, resigns, or otherwise ceases to hold such office, it shall be competent for the court wherein the action, suit, or proceeding is pending, whether the court be one of first instance or an appellate tribunal, to permit the cause to be continued and maintained by or against the successor in office of such officer, if within six months after his death or separation from the office it be satisfactorily shown to the court that there is a substantial need for so continuing and maintaining the cause and obtaining an adjudication of the questions involved."

6 United States ex rel. Bernardin v.

Butterworth, 169 U.S. 600, 18 S.Ct. 441, 42 L.Ed. 873, in which the court held: "The death of an officer pending proceedings in mandamus against him abates the proceedings, and the court has no authority, in the absence of statute, to substitute as respondent his successor in office, even with the latter's consent * * *."

7 Black Clawson Co. et al. v. Robertson, et al., 1934, 63 App.D.C. 236, 71 F.2d 536; United States ex rel. Claussen v. Curran, 276 U.S. 590, 48 S.Ct. 206, 72 L.Ed. 720; Le Crone v. McAdoo, 253 U.S. 217, 40 S.Ct. 510, 64 L.Ed. 869; Becker Steel Co. v. Hicks, Alien Property Custodian, et al., D.C., 1 F.Supp. 300; Id., 2 Cir., 66 F.2d 497, certiorari denied, 1933, 290 U.S. 667, 54 S.Ct. 88, 78 L.Ed. 576; Martin v. Coe, Com'r Pat. Appeals, 1936, 65 App.D.C. 349, 83 F.2d 606, certiorari denied, 1936, 299 U. S. 558, 57 S.Ct. 19, 81 L.Ed. 410.