## BOWLES, Price Administrator, v. SEIGEL et al.

### Civil Action No. 28430.

District Court of the United States for the District of Columbia.

July 10, 1947.

William E. Remy, David London, and Albert M. Dreyer, all of Washington D. C., for plaintiff.

Bernard Margolius and Joseph B. Danzansky, of the firm of Buckley & Danzansky, all of Washington, D. C., for defendant.

MORRIS, Justice.

On April 7, 1945, the plaintiff instituted this action seeking injunctive relief and the recovery of treble damages under the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 901 et seq. On June 4, 1945, this Court, acting through Mr. Justice McGuire, granted a preliminary injunction. On March 15, 1946, a dismissal was entered as to the defendant Berry Wright, and on April 11, 1946, an answer was filed on behalf of the defendant Sam Seigel. On April 18, 1947, the defendant Sam Seigel moved for a dismissal of the action upon the ground that the plaintiff Chester Bowles resigned as Administrator of the Office of Price Administration effective February 25, 1946, and was succeeded by Paul A. Porter, who was inducted into office on February 26, 1946, and since then the said Paul A. Porter has resigned, and that at no time since the resig-

nation of the said Chester Bowles has there been any substitution of his successor, nor any showing made that there is a substantial need for continuing and maintaining this cause of action and obtaining an adjudication of the questions involved. It is insisted by this motion that, under the provisions of Section 780 of Title 28 U.S.C.A., and Rule 25 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, this action should be dismissed.

Rule 25 (d) of the Federal Rules of Civil Procedure is quoted in the margin.[1] There can be no doubt that, in so far as here material, such rule supersedes Section 780, Title 28 U.S.C.A. From the language of the rule and its antecedent statutes, it would seem clear that the Congress required a successor of an officer of the Government, who had instituted an action, to make a showing that said action should be maintained within a stated period in order to be substituted therein and continue the action to a conclusion. In opposition to the motion at the hearing and by memorandum filed subsequent thereto, William E. Remy, Deputy Commissioner for Enforcement, David London, Director, Litigation Division, and Albert M. Dreyer, Chief, Appellate Branch, Office of Price Administration, Office of Temporary Controls, insist that Rule 25 (d) and its antecedent statutes have no application to a case where the suit is brought by an officer of the Government in the performance of a duty pertaining to the office, but has application only to an action which is against the officer as an individual to compel the performance of some duty resting upon him. The basis for this contention is that in the former the action would not abate at common law, whereas in the latter it would, either upon the death or resignation of the officer; and that the statutes and the rule were designed to enable an action which would abate to continue, and were not designed to affect an action that would not abate.

Whatever may have been the occasion for the original act, out of which the subsequent act and the present rule developed, the language employed in said statutes and the rule expressly applies to an action which "may be continued and maintained by * *. * his successor." It seems clear that, when an officer of the Government institutes an action relating to his duties as such officer, his successor is charged with the responsibility of determining whether or not such action should be continued, and if he so determines, it is his duty to make the showing required by the rule so that he may be substituted and may continue the action, and that, if he does not do so, the action cannot be continued and maintained. Certain decisions which support this view are cited in the margin.[2] The case chiefly relied up-

---

[1] "Rule 25.  Substitution of Parties.

"(d) Public Officers; Death or Separation from Office. When an officer of the United States, the District of Columbia, a state, county, city, or other governmental agency, or any other officer specified in the Act of February 13, 1925, c. 229, § 11, 43 Stat. 941, U.S.C., Title 28, § 780 [28 U.S.C.A. § 780], is a party to an action and during its pendency dies, resigns, or otherwise ceases to hold office, the action may be continued and maintained by or against his successor, if within 6 months after the successor takes office it is satisfactorily shown to the court that there is a substantial need for so continuing and maintaining it. Substitution pursuant to this rule may be made when it is shown by supplemental pleading that the successor of an officer adopts or continues or threatens to adopt or continue the action of his predecessor in enforcing a law averred to be in violation of the Constitution of the United States. Before a substitution is made, the party or officer to be affected, unless expressly assenting thereto, shall be given reasonable notice of the application therefor and accorded an opportunity to object."

[2] Porter, Price Adm'r, OPA, v. Goodwin et al., D.C.W.D.Mo., 68 F.Supp. 949; Black Clawson Co. et al. v. Robertson et al., 63 App.D.C. 236, 71 F.2d 536; Martin v. Coe, 65 App.D.C. 349, 83 F.2d 606; Becker Steel Co. of America v. Hicks et al., D.C.S.D.N.Y., 1 F.Supp. 300; State of Oklahoma ex rel. Vassar, Co. Atty., v. Missouri-Kansas-Texas R. Co., D.C.W.D.Okl., 29 F.Supp. 968; State of Oklahoma ex rel. McVey, Co. Atty., v. Magnolia Petroleum Co. et al., 10 Cir., 114 F.2d 111; State of Oklahoma ex rel. Phillips, Governor of Oklahoma v. American Book Co. et al., 10 Cir., 144 F.2d 585; and Bowles, Price Adm'r v. Ohlhausen, D.C.N.D.Ill., 71 F.Supp. 199.

on by the opponents of the motion is that of Porter v. Maule et al., 5 Cir., 160 F.2d 1. In that case, within the period of six months after Paul Porter, the successor of Chester Bowles, resigned, had entered upon his duties, upon order of the District Court, he was substituted as party plaintiff in the place of Bowles. Although the opinion adopts the view urged in opposition to the motion here that the cause did not abate by reason of the resignation of Bowles, its authority for the construction of the rule is, in my opinion, seriously impaired because the rule was there complied with in effecting a substitution within the six months' period. The Court there seems to consider that, if the rule were given effect, the fact that substitution had not been made prior to the entry of judgment in the District Court would render that judgment a nullity notwithstanding substitution was thereafter made within the required period. Such a construction of the rule is not, however, necessary, as under it the case is kept alive until the period for substitution has expired. It seems to me that the construction given by the Circuit Court of Appeals for the Tenth Circuit in the cases of State of Oklahoma ex rel. McVey, Co. Atty., v. Magnolia Petroleum Co., 10 Cir., 114 F.2d 111, and State of Oklahoma ex rel. Phillips, Governor of Oklahoma, v. American Book Co., et al., 10 Cir., 144 F. 2d 585, even as applied to state officers, is the construction contemplated by the authors of the rule. The Supreme Court in the recent cases of Fleming, Temporary Controls Administrator, v. Mohawk Wrecking and Lumber Co. and Raley et al. v. Fleming, Temporary Controls Administrator, 67 S.Ct. 1129, 1133, in determining that Fleming is a successor in office of Porter and may be substituted as a party under the rule here involved, stated:

"The rule requires a showing of 'substantial need' for continuing and maintaining the action."

This clearly negatives the contention of opponents of the present motion that no substitution under the rule is necessary for the continuance and maintenance of the action.

The motion to dismiss is granted.