NICHOLAS MATTHISON, BY HIS NEXT FRIEND, RESPOND-
    ENT, v. JOHN BARTON PAYNE, DIRECTOR GENERAL
    OF RAILROADS, AS AGENT UNDER SECTION 206 OF
    THE TRANSPORTATION ACT OF 1920, APPELLANT.

Submitted December 1. 1921—Decided March 6, 1923.

1. At common law. where matter of defence had arisen after plea
    filed or issued joined it had to be pleaded in bar or abatement,
    as the case may be, *puis darrein continuance.* While the Prac-
    tice act of 1912 (*Pamph. L., p.* 377) has radically changed the
    forms of pleading, it has not divested them of their common law
    design and substance. and any matter arising after answer or
    issue joined must be set forth in a supplemental answer.
2. After an issue has been tried out upon the merits of the case, in a
    court of competent jurisdiction and a verdict rendered in favor
    of the plaintiff and the judgment entered upon the verdict upon
    appeal is affirmed, a rehearing will not be granted in order to
    permit the defeated litigant to set up as an additional ground for
    a reversal of the judgment that the court below in the progress of
    the cause lost jurisdiction of it, where it appears that no such
    question was raised at the trial or alleged as one of the causes
    for reversal in the grounds of appeal. or in the argument before
    the appellate tribunal.   To sanction such practice would be to
    defeat the orderly administration of the law and the ends of
    justice.

On petition for a rehearing.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KALISCH.

For the petitioner, *Collins & Corbin* (*George S. Hobart* and *Edward A. Markley,* of counsel).

The opinion of the court was delivered by

KALISCH, J. The petitioner seeks a rehearing in this case for the purpose of submitting, as a ground for invalidating the judgment obtained against him in the court below, for the reason that the court was without jurisdiction to give a valid judgment.

The underlying basis of this proposition, as set forth in the petition, is that the defendant on March 28th, 1921, ceased to be the director general of railroads and as agent under the Transportation act of 1920, and that his successor, James C. Davis, became such at the time mentioned. That the federal statute of February 8th, 1899 (*Comp. Stat.*), provides: "That no suit, action or other proceeding lawfully commenced by or against the head of any department or bureau, or other officer of the United States in his official capacity, or in relation to the discharge of his official duties, shall abate by reason of his death, or the expiration of his term of office, or his retirement, or resignation, or removal from office, but, in such event, the court, on motion or supplemental petition filed, at any time within twelve months thereafter showing a necessity for the survival thereof to obtain a settlement of the questions involved, may allow the same to be maintained against his successor in office, and the court may make such order as shall be equitable for the payment of costs."

That under the decisions of the United States Supreme Court in *Le Crone* v. *McAdoo*, 253 *U. S.* 217, 219, and in *John Barton Payne, Agent, &c., et al.,* v. *Industrial Board of Illinois et al.,* 258 *U. S.* 613, a failure to comply with the statute last cited abates the action.

That in the present case the plaintiff in the court of first instance commenced his action on the 5th day of February, 1921, and the defendant filed his answer on February 17th, 1921. On March 28th, 1921, the defendant ceased to be director general of railroads, and on April 9th, 1921, the plaintiff filed a general denial to the defences set up in the answer. The cause came on for trial on June 22d, 1921, and the verdict being in favor of the plaintiff, judgment was entered thereon against the defendant in the same month. No

mention was made at the trial by the defendant or in his behalf that he was no longer director general. On July 10th, 1921, the defendant appealed from the judgment to this court and the appeal was argued at the November term, 1921, and again nothing was said as to any change in the legal status of the appellant. The judgment of the lower court was affirmed at the November' term, 1922. It was only on December 28th, 1922, that counsel of the appellant seek to question their client's legal status in the case, and ask leave to have the cause reargued so that they may be heard upon a ground which was never hinted at before, namely, that the court below was without jurisdiction to hear the cause and to give judgment.

The facts that the appellant had ceased to be director general on March 28th, 1921, and was succeeded on that date by Mr. Davis, must be presumed to have been within the knowledge of counsel of appellant. To grant a hearing upon the ground applied for would be equivalent to sanctioning a practice which would tend to defeat the orderly administration of the law and the ends of justice. In effect, it would be an invitation to a litigant to speculate upon a verdict in his favor, and if disappointed in his expectation, he would still be in a position to defeat the verdict of a jury or the judgment of the court by raising a factual question whether or not the court lost jurisdiction of the cause during the proceeding.

At common law the situation as presented by the petition for rehearing was required to be met by a plea in abatement. *Chit. Pl.,* in volume 1. page 657, says: "When matter of defence had arisen after the commencement of the suit, it could not be pleaded in bar of the action generally, but must, when it had arisen before plea or continuance, be pleaded as to the further maintenance of the suit; and where it had arisen after plea, and before replication, or after issue joined. then *puis darrein continuance.*" And (on *p.* 658) the learned author says: "If anything happen pending the suit, which would in effect abate it, this might have been pleaded *puis darrein continuance,* though there has been a plea in bar;

because the latter plea only waives such matters in abatement as existed at the time of pleading and not matters which arose afterwards."

The new Practice act, while it has radically changed the forms of pleading, has not divested them of their common law design and substance. The defendant is required to set up in his answer the defences he intends to rely on. If any matter arises after issue joined, which is a proper defence to the maintenance of the plaintiff's action, the court will, on motion made by defendant, permit him to file a supplemental answer.

It furnishes no legal excuse for not raising the question in the court of first instance and before us, on appeal, in that the decisions of the Supreme Court of the United States, in relation to similar cases and its construction put upon the federal statute are of recent date and were not known to counsel. To countenance any such plea would obviously put the judgments of our courts upon a very unstable foundation.

Petition for a rehearing is dismissed.