## FIX, COLLECTOR OF INTERNAL REVENUE, v. PHILADELPHIA BARGE CO. ET AL.

No. 153. Argued December 13, 1933.—Decided January 8, 1934.

*Solicitor General Biggs,* with whom *Messrs. Sewall Key, J. P. Jackson,* and *W. Marvin Smith* were on the brief, for petitioner.

· *Mr. Thomas P. Mikell,* with whom *Mr. Walter Biddle Saul* was on the brief, for respondents.

MR. JUSTICE SUTHERLAND delivered the opinion of the Court.

This is an action originally brought by MacLaughlin, a collector of internal revenue, in a federal district court, against respondents, to recover on a bond conditioned for the payment of such income taxes assessed against the Barge Company as should remain unabated after consideration of a claim for abatement by the Commissioner of Internal Revenue. The obligee named in the bond is Ephraim Lederer, collector of internal revenue when the bond was executed, "or his successors." MacLaughlin having died, the case was first revived in the name of Ladner, and upon his resignation, in the name of petitioner. All three, in turn, succeeded to the office held by Lederer.

In the district court the surety company filed an affidavit of defense, incorporating a plea that the cause of action upon the bond had abated, and had been lost, by failure to comply with § 11 of the Act of February 13, 1925, c. 229, 43 Stat. 936, 941; U.S.C., Title 28, § 780.

In support of that contention, the plea alleges that suit in assumpsit on the same bond had been brought by one McCaughn, the first successor of Lederer; that, pending the suit, McCaughn resigned as collector; that judgment nevertheless was thereafter entered in his favor; and that subsequently, upon a suggestion of abatement of the cause of action, an order was entered striking the judgment from the record by reason of the fact that the action upon which the judgment was rendered had abated prior to the entry thereof.

The district court held that since one suit, brought by a successor of the original obligee, had abated by reason of the failure of the government to make substitution under the act of 1925, there resulted an abatement of the cause of action as well as of the writ. 60 F. (2d) 333. Upon the basis of this ruling and upon a praecipe filed by the United States attorney, final judgment was entered against the collector, which judgment was affirmed by the circuit court of appeals. 63 F. (2d) 258.

Respondents raise some question as to the right of the petitioner to appeal to the court below, but the point is so obviously without merit that we do not stop to state or discuss it.

Section 11 of the Act of 1925, so far as pertinent, provides that where, during the pendency of an action brought by or against an officer of the United States, relating to the present or future discharge of his official duties, such officer dies, resigns, or otherwise ceases to hold office, it shall be competent for the court where the action is pending, " to permit the cause to be continued and maintained by or against the successor in office of such officer, if within six months after his death or separation from the office it be satisfactorily shown to the court that there is a substantial need for so continuing and maintaining the cause and obtaining an adjudication of the questions involved." The original act on the subject, of which the act of 1925

is an amplification, was passed February 8, 1899, c. 121, 30 Stat. 822, evidently in response to a suggestion of this court in *U.S. ex rel. Bernardin* v. *Butterworth,* 169 U.S. 600, decided in 1898. See *Murphy* v. *Utter,* 186 U.S. 95, 101; *Caledonian Coal Co.* v. *Baker,* 196 U.S. 432, 440–442; *Irwin* v. *Wright,* 258 U.S. 219, 222. In the *Butterworth* case it was held that a suit to compel the Commissioner of Patents to issue a patent was abated by the death of the commissioner; and that it could not be revived in the name of his successor, even with the latter's consent. The court suggested that in view of the inconvenience occasioned by this state of the law, it would seem desirable that Congress should provide for the difficulty by enacting that in such cases it should be lawful for the successor in office to be brought into the case. The purpose of the act, as explained in the House committee report (H.Rep. No. 960, 55 Cong., 2d Sess.), and by the member of the House who reported the bill from the committee (Cong. Rec., Vol. 31, Pt. 4, pp. 3865–3866), was to permit the suit to survive and avoid the necessity of compelling a party to commence a new action against the successor in office.

The act is purely remedial, designed to remove what this court in the *Butterworth* case called an "inconvenience." Failure to comply with the statute forecloses the particular remedy therein provided; it does not destroy the right. There is a clear difference between the action and the *cause* of action. Revival of the action is necessary because that does not survive the death or resignation of the officer by or against whom it has been brought; but the cause of action may survive, depending upon its nature and the applicable rule. See *Sanders' Adm'x* v. *Louisville & N. R. Co.,* 111 Fed. 708, 710; *Martin* v. *Wabash R. Co.,* 142 Fed. 650, 651. Compare *Green* v. *Watkins,* 6 Wheat. 260; *Henshaw* v. *Miller,* 17 How. 212, 219; *Warren* v. *Furstenheim,* 35 Fed. 691, 695. The

vice of the ruling below, and of the argument here in support of it, is the failure to give effect to this distinction. The present bond runs to each successor, as it ran to the original obligee and with like effect; and, notwithstanding the termination of the latter's possession of the office, the cause of action which arose in his favor survives for appropriate enforcement by his several successors. *Tyler* v. *Hand*, 7 How. 573; *Bowers* v. *American Surety Co.*, 30 F. (2d) 244. This accords with the policy of the revival statute, as observed by Judge L. Hand in the case last cited. A conclusion to the contrary would subvert the purpose of the bond, which " is to create an obligation in favor of the incumbents, as they succeed each other."

*Judgment reversed.*