## BECKER STEEL CO. OF AMERICA v. CUMMINGS, Attorney General of the United States in His Official Capacity as Alien Property Custodian, et al.

### No. 234.

Circuit Court of Appeals, Second Circuit.

March 7, 1938.

320

Townsend, Kindleberger & Campbell, of New York City (E. Crosby Kindleberger, of New York City, of counsel), for appellant.

Lamar Hardy, U. S. Atty., and Irvin C. Rutter, Asst. U. S. Atty., both of New York City (Harry LeRoy Jones, of Washington, D. C., of counsel), for appellees.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

The bill of complaint before us in this vexed litigation is substantially the same as that before the Supreme Court in Becker Steel Company v. Cummings, 296 U.S. 74, 56 S.Ct. 15, 80 L.Ed. 54; whatever was there decided therefore controls. However, it is abundantly plain from the opinion of Mr. Justice Stone, 296 U.S. 74, at page 82, 56 S.Ct. 15, 19, 80 L.Ed. 54, that the majority of the court meant to confine its decision to the single point on which Judge Mack and we had dismissed the bill, and that its infirmities were to be open to challenge quite as though the court had not spoken. That being true, we cannot see any escape from the reasoning of Mr. Justice Roberts in the opinion of himself and Mr. Justice Sutherland. Plainly the suit cannot be a new one upon the same cause of action; aside from all else, that was merged in the first decree; Fix v. Philadelphia Barge Co., 290 U.S. 530, 54 S.Ct. 270, 78 L.Ed. 481, did not trench upon that well-settled doctrine. On the other hand, if it be regarded as strictly a step in the original suit, designed to rid the plaintiff of the satisfaction as an impediment to process—e. g., by mandamus against the Treasurer—our decision in Becker Steel Co. v. Hicks, 2 Cir., 66 F.2d 497, foreclosed it; no further steps were possible after the time for revival had passed. It must therefore be treated as ancillary in the same sense that a suit to vacate a judgment for fraud is ancillary; independent, in that it is not so far procedurally a part of the original as to be subject to the limitation upon its revival. This, as we understand it, is what the plaintiff wishes us to understand. But, if it is not procedurally a step in the first suit, it can only be a suit to which the United States has never given its consent; for it is not then the suit, or any part of the suit, brought under section 9 of the Trading with the Enemy Act, as amended, 50 U.S.C.A. Appendix, § 9, and section 7, as amended, 50 U.S.C.A. Appendix, § 7, is explicit that that shall be the only remedy. We cannot see how it can be procedurally a part of the original, qua consent, and independent of it, qua revivor; such a chameleon would serve the plaintiff's purposes, but it does not exist. There is no great injustice in the result; so far as the plaintiff was unfairly practised upon, the remedy lay open to it; its delays may indeed have arisen from a natural misunderstanding of the law, but that is a hazard to which all are subject.

Decree affirmed.