PETTINGELL, J. (Jones, P. J., and Sullivan, J.)
The original' action was brought by John E. Donahue as Receiver of the Essex National Bank of Haverhill; the two defendants are the maker and indorser of a note held by the bank. The writ was dated May 31, 1939. On July 31, 1939, Donahue resigned as receiver and on the same day, Frederick S. Deitrick was appointed receiver in his stead.
March 22, 1941, the action was discontinued as to the defendant Henry L. Taylor. Nothing was done against L. Marlon Taylor, the other defendant, until March 26, 1941, when, by agreement of counsely for Donahue in the original action and counsel who had appeared for the defendants when the action was begun, the name of Frederick S. Deitrick was substituted in the papers for the name of John E. Donahue wherever the latter's name appeared.
May 5, 1941, counsel for L. Marlon Taylor, the remaining defendant, filed a motion to dismiss the action, and on May 8,1941, filed a “plea” setting forth that the action had abated prior to March 26, 1941. The motion .to dismiss/ and the “plea” were argued May 23, 1941, and were denied. The case was then heard on its merits and the defendant filed twenty-three requests for rulings of law all of which were denied. There was a finding for the plaintiff.
The statute in question, Act of Feb. 13, 1925, Chapter 299, Par. 11, to be found in United States Compiled Statutes, Chapter 17, Sec. 1594A, is as follows:
“Where during the pendency of an action, suit or other proceeding brought by or against any officer of the United States . . . and relating to the present or future discharge of his official duties, such officer dies, resigns or otherwise ceases to hold such office it shall be competent for the court *107 wherein such action, suit or proceeding is pending, whether the court is one of first instance or an appellate tribunal, to permit the cause to be continued and maintained by or against the successor in office of such officer, if within six months after his death or separation from the office it be satisfactorily shown to the court that there is substantial need for so con' tinuing and maintaining the cause and obtaining an adjudica' tian of the questions involved."
Accepting the position of defendant’s counsel, which in our opinion is correct, that John E. Donahue, as Receiver, was an officer of the United States within the scope of the statute just cited, and that in consequence of that statute, Donahue’s action against this defendant abated six months after his resignation as Receiver, we cannot agree with counsel in his further statement that the only issue before us is that of-the authority of counsel for the defendant, as an attorney at law, to revive the abated action' by the agreement entered into to that effect and filed in this case. The issue is broader than that and goes deeper into the fundamentals of -the situation. In essence, it is the question whether such an agreement, made at that time, could revive the action.
Abatement of an action originally was entirely a matter of common law. Abatement was important usually when one party or the other died while the action was pending. In that event, until amending statutes provided otherwise, the action absolutely abated, even though the cause of action sur' vived. If the cause of action survived, it might be the basis of a new action by -the legal representative of the deceased party. Mellen v. Baldwin, 4 Mass. 480, at 481. Putnam v. Putnam, Pick. 139. Treasurer & Receiver General v. Sheehan, 288 Mass. 465. Ruling Case Law, Abatement and Revival, Section 22.
In the case at bar we are dealing with the effect upon this action of the resignation from office of the United States Officer who was the original plaintiff. The United States statute., already quoted provides that, in the event of such a resigna' tian, the court in which the action is pending, may permit the action to be continued and maintained, against his successor in office if, within six months after the resignation, it is satis' factorily shown to the court that there is substantial need for so continuing and maintaining the cause, and the court so permits the cause to be continued.
This statute must -be construed against the background created by history, that an action against a receiver cannot be maintained against the receiver after he is separated from the receivership, it sets up a way of correcting the common law situation by providing a method of transferring the action to a new defendant, his successor. With the historical back' ground in mind, the statute says plainly, by implication, that if there is no transfer to the new defendant in the manner *108 provided by the statute, or if the court when applied to does not find that there is substantial need of continuing the action, the action abates at the end of the period allowed by the statute for the operation of the procedure to keep it alive. It follows the principle of the old bill of reviver and recog' nffies the necessary function of the court in reviving or con' tinuing the action.
Within the six months nominated in the statute, the new receiver must apply to the court and convince it of the sub' stantial need of continuing the action. The decision is then up to the court. The right of the continuance of the action depends upon compliance with the statute which necessarily involves a decision of the court.
The principle is not new or strange. It has been held by the Supreme Judicial Court that where a statute which creates a right, prescribes also a remedy, other provisions of the common law, including such as are remedial in nature are sus' pended. Salisbury v. Salisbury Water Supply Co. 279 Mass. 204. Knowlton v. Swampscott, 280 Mass. 69. Commissioner of Banks v. Highland Trust Co. 283 Mass. 71. The case we are considering goes farther. There was no common law remedy, nor any statutory procedure, which could be sub' stituted for the provisions of the statute quoted.
The history of the change from the absolute abatement of an action to a statutory continuance, and thei relation thereto of the particular federal statute which has been set out herein, is to be found in Fox v. Philadelphia Barge Co. 290 U. S. 530, 78 Legal Ed. 481. The United States Supreme Court there pointed out that the 1899 statute, which was the immediate predecessor of the 1925 statute, material here, was passed by Congress, at .the suggestion of the Supreme Court in an earlier case, to provide relief in those cases in which a United States officer resigned his office, for in such cases, actions which had been begun by the official immediately abated and terminated upon his resignation. Out of this comment by the court came the 1899 statute, and then the 1925 statute, in question here, which allowed the parties six months within which to take the case into court for a decision whether or not there was need of a continuance in the name of the succeeding official.
In Fox v. Philadelphia Barge Co. supra, it appeared that the statute had not been complied with. The court held that the action brought by the officer, who had resigned, had abated, but that the statute being remedial in nature, although the action had abated, the cause of action survived.
This immediately raises the question of what the succeed' ing officer could do to enforce the cause of action. Urn doubtedly he could bring a new writ thus commencing another action. This would require a new service and a new answer. It would not be a revival of the original action but a different action with a different plaintiff.
*109 In the case at bar, counsel did not bring a new action. They attempted, after the expiration of the six months set by the statute, to bring to life an action which, according to the Supreme Court of the United States, was dead. Whether or not the agreement, if filed during the time allowed by the statute, would have had any effect, is not the question. It was not filed until the specified time had elapsed.
The plaintiff does not argue that what counsel did was the commencement of a new action. Actions are not initiated by agreement. The basis of such a beginning is a precept of court; a writ at law, in equity, a bill or petition addressed to the court with an answering order by the court. Nothing of that sort appears here.
By filing the agreement in question, counsel undertook to usurp a prerogative of the court. Instead of following the statute and presenting their cause and their agreement to the court and obtaining the decision called for by the statute, they attempted to decide the matter for themselves, thus avoiding all the requirements of the statute. This in itself is enough to defeat the attempt. The survival of the action is a creation of the statute and the statute must be complied with. Ruling case law, abatement and revival, sec. 16.
There was prejudicial error in the ruling of the trial judge that a receiver of a national bank is not an officer of the United States within the scope of the statute in question, and that the succeeding receiver’s participation in a bill in equity concerning the same parties in another court affected his status in this case; also in the denial of the rulings requested by the defendant, all of which relate to the effect of the statute upon the abatement of the action.
The finding for the plaintiff is to be vacated and judgment is to be entered for the defendant.