### BOWLES, Price Administrator, v. OHLHAUSEN.

### No. 44C763.

District Court, N. D. Illinois, E. D.
April 10, 1947.

Homer C. Clay, William J. Corrigan, and Eugene T. Devitt, all of Chicago, Ill., for plaintiff.

James A. Dayton and Jack H. Oppenheim, both of Chicago, Ill., for defendant.

CAMPBELL, District Judge.

The defendant has moved to dismiss this action on the ground that it has expired. The defendant's contention is that since Chester Bowles resigned as Price Administrator on February 26, 1946, and was replaced by Paul A. Porter, substitution of Paul A. Porter as plaintiff was required within the six-month period specified by 28 U.S.C.A. § 780 and Rule 25(d) of the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c. Counsel for the Office of Price Administration did not move to substitute Paul A. Porter as plaintiff until October 8, 1946.

The relevant portions of 28 U.S.C.A. § 780 provide:

"Where, during the pendency of an action, suit, or other proceeding brought by or against an officer of the United States, * * * and relating to the present or future discharge of his official duties, such officer dies, resigns, or otherwise ceases to hold such office, it shall be competent for the court wherein the action, suit, or proceeding is pending, * * * to permit the cause to be continued and maintained by or against the successor in office of such officer, if within six months after his death or separation from the office it be satisfactorily shown to the court that there is a substantial need for so continuing and maintaining the cause and obtaining an adjudication of the questions involved."

Federal Civil Rule 25(d) is substantially the same, except that the six-month period begins to run when the successor takes office.

The statute was first passed by Congress in 1899, apparently in response to a suggestion by the Supreme Court in United States ex rel. Bernardin v. Butterworth, 1898, 169 U.S. 600, 18 S.Ct. 441, 42 L.Ed. 873. In that case mandamus was sought against the Commissioner of Patents who died during the pendency of the case in the Supreme Court. On motion to substitute the successor Commissioner, the Court held that in the absence of statute, an action against a government officer abated on his death or separation from office.

The need for this statute thus became apparent in a suit against a government officer. Clearly, when relief is sought against a government officer, as by injunction or mandamus, it is reasonable to require the plaintiff to move to substitute the successor officer within a limited period and to show a need for continuing the suit by reason of the successor officer's taking or threatening to take the same course of action which precipitated the suit against his predecessor.

When, however, suit is brought by a government officer in the performance of his official duties, as in the present case, there seems to be little need for a requirement that each time the incumbent dies or resigns, all the cases then pending in his name be changed to the name of his successor. Cases are variously brought by the government in the name of the United States, of a board, commission, or other agency thereof, or of an individual officer. Abatement results only in the case of suits involving individual officers and the statute here involved relates only to such cases. Where suit is brought in the name of a board or other continuing agency, there is no abatement of suits when the membership of the board changes. 7 Cyclopedia of Federal Procedure sec. 3219 (1943). Thus, had Congress entrusted the administration of the Emergency Price Control Act of 1942 to a Price Control Board, or had Congress required that suits on behalf of the United States to enforce the act be brought by the Office of Price Administration rather than by the Administrator (50 U.S.C.A.Appendix, § 925(e), the problem of abatement of suits would not be presented. Or, had Congress provided in the act of 1899 that suits by government officers would not abate but would be regarded as though brought in the name of the United States, the problem here presented, could likewise have been avoided.

However, the statute as written applies equally to suits by or against officers of the United States. Most cases which have arisen under the statute have been suits against officers. But the statute has also been held to abate actions brought by government officers where substitution of the successor officer was not made within the six-month period. Fix v. Philadelphia Barge Co., 1934, 290 U.S. 530, 54 S.Ct. 270, 78 L.Ed. 481 (action by collector of internal revenue abates if substitution of successor is not made, but cause of action does not abate and may be enforced in a new suit); State of Oklahoma ex rel. McVey v. Magnolia Petroleum Co., 10 Cir., 1940, 114 F.2d 111 and State of Oklahoma ex rel. Phillips v. American Book Co., 10 Cir., 1944, 144 F.2d 585 (under provisions of the statute and Rule 25(d) relating to suits by state, county, and city officials, the action abates if substitution is not made within the six-month period).

Plaintiff argues that the real party plaintiff is the Office of Price Administration, that it is immaterial in whose name as Administrator an action is brought, and that the need for an abatement act is limited to situations involving the personal delinquency of government officers. I agree with the soundness of this reasoning, but I must conclude, not that this action does not abate, but that the act of Congress went beyond the need which it was passed to meet and has therefore led to a most unfortunate result in this case. For it cannot be denied that the statute applies to a proceeding brought by an officer of the United States, that this suit is a proceeding brought by Chester Bowles, Administrator of the Office of Price Administration, who is an officer of the United States, and that under the statute, the successor of Chester Bowles must within six months, show the court that there is substantial need for continuing the action in his name. Failure to comply with the statute abates the action.

I reach this conclusion with great reluctance. The complaint in this case was filed on June 29, 1944, for treble damages aggregating $150,046.92. During the intervening period counsel for both sides have been negotiating but have not reached a settlement. The defendant is now saved from trial and the possibility of heavy damages by an utterly unnecessary technicality. If Congress had chosen a different solution to the problem of abatement of suits by government officers, or had chosen a different entity as party plaintiff in government suits to enforce the Price Control Act, this case could have been decided on the merits instead of on a technicality. And it should

not be overlooked that alertness on the part of plaintiff's counsel in complying with the statute could have avoided this result. But I cannot read out of the statute the phrase which so clearly brings within its operation suits "by * * * an officer of the United States" relating to the "discharge of his official duties."

The defendant's motion is granted, and this action is accordingly dismissed.