## PORTER v. SANDS.
### Civil Action No. 6556.

District Court, E. D. New York.
July 3, 1947.

Supplemental Memorandum Aug. 7, 1947.

William L. Messing, of New York City, for plaintiff, for motion.

Joseph A. Cavanaugh, of New York City (Jac M. Wolf, of New York City, of counsel), for plaintiff, for motion.

KENNEDY, District Judge.

This is a motion for an order substituting Frank R. Creedon as Housing Expediter, as party plaintiff in place and instead of Paul A. Porter, Administrator. The application is opposed on many grounds. I think it is fair to say that some of the arguments found in the defendant's memorandum might well require exhaustive analysis. However, at the outset I must consider the effect of two orders made by the Senior Judge, each one of them affecting this cause.

On March 28, 1946, Judge Inch signed an ex-parte blanket order substituting Porter as plaintiff in the place of Bowles in suits theretofore brought by Bowles or any predecessor, and then pending in the Eastern District of New York. On May 27, 1947, Judge Inch signed an order enlarging the time of the plaintiff in this and other causes to substitute as plaintiff whoever might succeed to the status of Porter (in this case Creedon).

Defendant urges, citing a relevant statute, 28 U.S.C.A. § 780, and rule, Federal Rules of Civil Procedure, rule 25(d), 28 U.S.C.A. following section 723c, that neither of these orders is effective or proper; that Porter was never really substituted as plaintiff, and that the six-month period for substitution is now gone by. But it certainly cannot be claimed that the orders made by Judge Inch were completely without jurisdiction and void. In these circumstances I regard them as not open to collateral attack, which this is. Therefore, I have no occasion to examine cases like Porter v. Maule, 5 Cir., 1947, 160 P.2d 1, where it is squarely held that in cases like this the plaintiff proceeds in name only and therefore suits may continue in the name of the nominal plaintiff until a successor is appointed, or whether, on the other hand, the correct rule is found in cases like Bowles v. Ohlhausen, D.C.N.D., Ill.E.D. 1947, 71 F.Supp. 199, where it was said with reluctance that the abatement act, 28 U.S.C.A. § 780, literally applied.

The orders of Judge Inch are not open to collateral attack and are not reviewable by a Judge of coordinate jurisdiction. Accordingly the motion must be denied.

### Supplemental Memorandum.

Although the memorandum filed on July 3, 1947, plainly indicates that the Housing Expediter should be substituted, it concludes with a direction for denial of the motion. This is purely an error. The motion is granted.